IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL A. CORNEJO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:14-cv-53JTM |
| | ) |
| THOMAS VANVLEET, in his offical capacity as Sheriff of Newton County; DAVID KESSLER, in his official capacity as Jail Commander of the Newton County Jail; NEWTON COUNTY SHERIFF'S DEPARTMENT; SARGEANT SHANNON COTHRAN; DEPUTY CHRIS WILSON; and DEPUTY BRIAN RUNYON, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME now the Defendants, by counsel, Brooke L. Riffell and Kopka Pinkus Dolin PC, and for their Answer to Plaintiff's Complaint, allege and say:

### JURISDICTION AND VENUE

1. This action for money damages is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

**RESPONSE:** The Defendants admit the Plaintiff's cause of action is brought pursuant to 42 U.S.C. § 1983. The Defendants deny that any rights secured to the Plaintiff by the Fourth or Fourteenth Amendments to the Constitution of the United States of America were violated.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, 1334, and 42 U.S. C. §§1983 and 1988.

**RESPONSE:** The Defendants deny that jurisdiction is proper based on 28 U.S.C. § 1334. The Defendants admit the remaining allegations contained in rhetorical paragraph 2.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 3.

## PARTIES

4. At all relevant times herein, Michael A. Cornejo (hereinafter "Michael") was a citizen of the United States of America, State of Indiana, City of Goodland.

**RESPONSE:** The Defendants are without sufficient knowledge to admit or deny the allegations contained in rhetorical paragraph 4, and therefore deny the same.

5. Defendant Van Vleet is the Sheriff of Newton County, Indiana, and at all relevant times hereto was acting under color of state law. As such, he is the commanding officer of the Defendants, Kessler, Cothran, Wilson and Runyon, and is responsible for their training, supervision, and conduct, as more fully set out *infra*. He is sued in his official capacity only.

**RESPONSE:** The Defendants admit that Van Vleet is currently the Sheriff of Newton County, Indiana and is currently the commanding officer of Defendants Kessler, Cothran, Wilson and Runyon. The Defendants deny that Van Vleet was the Sheriff of Newton County, Indiana and responsible for the training, supervision, and conduct of Kessler, Cothran, Wilson and Runyon at

2

all times relevant to this litigation.  The Defendants admit only the dates recognized by law and the remaining allegations contained in rhetorical paragraph 5.

6. At all relevant times herein, Defendant NCSD, through its acting Sheriff, was responsible for the training, supervision, and conduct of Defendants, Kessler, Cothran, Wilson and Runyon.

**RESPONSE:** The Defendants admit only those duties recognized by law.

7. At all relevant times herein, Defendant NCSD, through its acting Sheriff, was responsible for enforcing the rules and regulations of the Newton County Sheriff's Department and Newton county Jail and for ensuring Defendants, Kessler, Cothran, Wilson and Runyon obeyed the laws of the State of Indiana and the United States of America.

**RESPONSE:** The Defendants admit only those duties recognized by law.

8. At all relevant times herein, Defendant Kessler was the Jail Commander of the Newton County Jail and was acting under color of state law and in the course and scope of his employment with Defendant NCSD.  As such, he was the commanding officer of the Newton County jail officers and deputies and was in charge of the jail's daily operations as well as the training, supervision and conduct of the jail personnel as more as more fully set out *infra.*

**RESPONSE:** The Defendants admit Kessler was the Jail Commander of the Newton County Jail and acting under color of state law and in the course and scope of his employment with NCSD.  The Defendants only admit Kessler had those duties recognized by law.

9. At all relevant times herein, Defendant Kessler was responsible for enforcing the rules and regulations of the Newton County Jail and for ensuring that Newton County jail officers and deputies obeyed the laws of the State of Indiana and the United States of American. He is sued in his official capacity, but also in his individual capacity due to his actions and inactions at the Newton County Jail on July 14, 2012 as described more fully herein.

**RESPONSE:** The Defendants admit only those duties recognized by law. The Defendants deny that the Complaint contains any allegations of wrongdoing that occurred at the Newton County Jail on July 14, 2012. Defendants further deny that Kessler was acting in his individual capacity as he was acting within the course and scope of his employment on July 14, 2012.

10. At all relevant times herein, Defendant NCSD, was a law enforcement agency in Sullivan County, Indiana, and was charged with, among other duties, overseeing the operation of the Sullivan County Jail.

**RESPONSE:** The Defendants deny the alligations contained in rhetorical paragraph 10.

11. At all relevant times herein, Defendant Cothran was employed by the NCSD as a law enforcement officer, acting under the color of state law and within the course and scope of his authority and employment for the Defendant, NCSD. He is sued in his individual and official capacities.

**RESPONSE:** Defendants deny that Cothran was acting in his individual capacity as he was acting within the course and scope of his employment on July 14, 2012. The Defendants admit the remaining allegations contained in rhetorical paragraph 11.

12. At all times relevant herein, Defendant Wilson was employed by the NCSD as a law enforcement officer, acting under the color of state law and within the course and scope of his authority and employment for the Defendant, NCSD. He is sued in his individual and official capacities.

**RESPONSE:** Defendants deny that Wilson was acting in his individual capacity as he was acting within the course and scope of his employment on July 14, 2012. The Defendants admit the remaining allegations contained in rhetorical paragraph 12.

13. At all relevant times herein, Defendant Runyon was employed by the NCSD as a law enforcement officer, acting under the color of state law and within the course and scope of his authority and employment for the Defendant, NCSD. He is sued in his individual and official capacities.

**RESPONSE:** Defendants deny that Runyon was acting in his individual capacity as he was acting within the course and scope of his employment on July 14, 2012. The Defendants admit the remaining allegations contained in rhetorical paragraph 13.

## FACTS COMMON TO ALL CLAIMS

14. On July 14, 2012 at approximately 2:20 a.m., Defendants Cothran and Wilson responded to a 9-1-1 call reporting an altercation at Michael's residence, 211 West Union Street, Goodland, Indiana.

5

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 14. Defendants also state that Plaintiffs rhetorical paragraph 14 does not identify all material facts to this litigation.

15. Upon arrival at Michael's residence, Defendant Cothran and Wilson found several male and female subjects outside of the home.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 15. Defendants also state that Plaintiffs rhetorical paragraph 15 does not identify all material facts to this litigation.

16. After Cothran questioned the subjects, it was determined that it was a domestic misunderstanding and none of the subjects wanted to press charges. Thereafter, Defendants Cothran and Wilson left the residence.

**RESPONSE:** The Defendants deny that it was determined that this incident was a domestic misunderstanding, but admit that none of the subjects wanted to press charges. The Defendants admit the remaining allegations contained in rhetorical paragraph 16. Defendants also state that Plaintiffs rhetorical paragraph 16 does not identify all material facts to this litigation.

17. Approximately one (1) hours later, another 9-1-1- call was received from the same address and again Defendants Cothran and Wilson responded to the call.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 17. Defendants also state that Plaintiffs rhetorical paragraph 17 does not identify all material facts to this litigation.

18. Defendants Cothran and Wilson arrived separately at Michael's residence and were informed that Michael had left the residence on foot.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 18. Defendants also state that Plaintiffs rhetorical paragraph 18 does not identify all material facts to this litigation.

19. Defendants Cothran and Wilson conducted a search of the area but were unable to locate Michael and left the area.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 19. Defendants also state that Plaintiffs rhetorical paragraph 19 does not identify all material facts to this litigation.

20. Sometime later a 9-1-1 call was received that there was a male subject on someone's front porch at 319 Jasper Street, Goodland, Indiana. Defendant Cothran responded to the call.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 20. Defendants also state that Plaintiffs rhetorical paragraph 20 does not identify all material facts to this litigation.

21. Upon arrival at 319 West Jasper Street, Goodland, Indiana, Defendant Cothran found Michael sitting on the front porch step.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 21. Defendants also state that Plaintiffs rhetorical paragraph 21 does not identify all material facts to this litigation.

22. Without questioning Michael or reading him his rights, Defendant Cothran grabbed Michael's hands, placed Michael in an arm bar and shoved him face down on the ground and proceeded to handcuff him and search him for a weapon.

**RESPONSE:** The Defendants admit Michael was not placed under arrest or interrogated at the time of the alleged incident, and therefore not Mirandized. The Defendants admit Cothran took appropriate measures after the Plaintiff resisted Cothran. Defendants also state that Plaintiffs rhetorical paragraph 22 does not identify all material facts to this litigation.

23. Defendant Cothran noted in his report that Michael's PBT reading was .013 BAC, that he had urinated on himself, had difficulty speaking or standing on his own, and was confused as to location and the events of the past hour.

**RESPONSE:** The Defendants admit that the information identified in rhetorical paragraph 23 is among the information contained in Cothran's report. Defendants also state that Plaintiffs rhetorical paragraph 23 does not identify all material facts to this litigation.

24. Defendant Cothran requested further assistance from Deputy Runyon.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 24. Defendants also state that Plaintiffs rhetorical paragraph 24 does not identify all material facts to this litigation.

25. Shortly thereafter, Defendant Runyon arrived and secured Michael in his patrol car and transported him to the Newton County Jail.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 25. Defendants also state that Plaintiffs rhetorical paragraph 25 does not identify all material facts to this litigation.

26. At no time, did either Defendant Cothran or Defendant Runyon read Michael his rights or place him under arrest.

**RESPONSE:** The Defendants admit that the Plaintiff was not placed under arrest or interrogated at the time of the alleged incident and therefore not Mirandized. Defendants also state that Plaintiffs rhetorical paragraph 26 does not identify all material facts to this litigation.

27. Upon arrival at the jail, Michael complained of severe abdominal pain and requested an ambulance.

**RESPONSE:** The Defendants admit that the Plaintiff first complained of pain upon his arrival at the jail. Defendants also state that Plaintiffs rhetorical paragraph 27 does not identify all material facts to this litigation.

28. Michael was transported via ambulance to Jasper County Hospital and then air lifted to Methodist Hospital in Indianapolis with life-threatening injuries including, but not limited to, a grade 5 laceration to his spleen, a grade 4 laceration to his kidney and a broken wrist.

**RESPONSE:** The Defendants admit the Plaintiff was transported via ambulance to the Jasper County Hospital. The Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in rhetorical paragraph 28, and therefore deny the same. Defendants also state that Plaintiffs rhetorical paragraph 28 does not identify all material facts to this litigation.

## CLAIMS FOR DAMAGES UNDER 42 U.S.C. SECTION 1983

29. Plaintiff hereby incorporate by reference paragraphs 1 through 28 of this Complaint as if fully set forth here.

**RESPONSE:** The Defendants hereby incorporate by reference paragraphs 1 through 28 of this Answer as if fully set forth here.

30. Defendants Cothran, Wilson and Runyon severely beat Michael while arresting and transporting him in such a fashion as to demonstrate an utter lack of regard for his right to be free from unnecessary and unlawful bodily harm.

**RESPONSE:** The Defendants deny Cothran, Wilson and Runyon in any manner beat the Plaintiff, and deny that the Plaintiff was arrested on the night of the incident in question. The Defendants deny all remaining allegations contained in rhetorical paragraph 30.

31. The Defendants' failure to provide Michael needed medical treatment in a timely manner and to provide reasonable accommodations for his security, free from senseless attacks by Michael's keepers, further demonstrates a total lack of regard for his right to be free from unnecessary and unlawful bodily harm and his right to reasonable medical care for his health,

well-being and personal safety. The Defendants' conduct wholly lacks the due care and diligence which prudent and reasonable officers and/or deputies would have displayed.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 31.

32. The Defendants herein are responsible for Michael's severe and permanent injuries as a result of their intentional, willful, wanton, reckless and/or negligent acts and omissions, including but not limited to excessive force upon Michael; failure to provide timely emergency medical care and/or treatment to Michael; and failure to train and supervise their officers, deputies, and staff.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 32.

33. As a direct and proximate result of the aforementioned conduct of the Defendants, Michael was severely injured and deprived of the rights, privileges and immunities secured to him under the Constitution and laws of the United States of America, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Sections 11, 15, 16 and 21 of the Indiana Constitution, and applicable federal and state law, to be secure in his person, to be free from punishment without due process of law, to be free from cruel and unusual punishment, and to equal protection of the laws.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 33.

34. Defendants had a duty and obligation to train and supervise their officers and/or deputies, regarding, *inter alia:* (a) the proper use of force; and (b) providing proper medical care and treatment to detainees in need thereof.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 34 in total with regard to allegations against Defendants Cothran, Wilson, and Runyan. With regard to the remaining Defendants, the Defendants admit only those duties recognized by law.

35. Defendants breached the foregoing duties and failed to train and supervise their officers and/or deputies, in (a) the proper use of force; and (b) providing proper medical care and treatment to detainees in need thereof.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 35.

36. Defendants repeatedly, with deliberate indifference, failed to enforce the laws of the State of Indiana and the United States of American and failed to provide lawful regulations and policies pertaining to (a) the proper use of force; and (b) providing proper medical care and treatment to detainees in need thereof. Consequently, an atmosphere of lawlessness has been created in which Defendants employ illegal measurers of force; commit intentional and malicious assaults and batteries upon the detainees, including Michael; and exhibit deliberate indifference to the health, safety, and well-being of those detained in the belief that such actions will be condone and justified by their supervisors and department heads.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 36.

37. The injuries to Michael were proximately caused by the unlawful violence, lack of medical care, and other reckless acts and omissions of Defendants Cothran, Wilson and Runyon. As a direct and proximate result of the Defendants' acts and omissions, Michael

suffered serious and permanent injuries to his person, including pain and suffering and mental distress.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 37.

38. As a direct and proximate result of the wrongful acts of one or more of the Defendants, Michael was seriously and permanently injured and deprived of the rights, privileges and immunities secured to him under the Constitution and laws of the United States of America, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Sections 11, 15, 16, and 21 of the Indiana Constitution, and applicable federal and state law, to be secure in his person, to be free from punishment without due process of law, to be free from cruel and unusual punishment, and to equal protection of the laws.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 38.

## CLAIMS FOR DAMAGES UNDER STATE LAW

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 of this Complaint as if fully set forth here;

**RESPONSE:** The Defendants hereby incorporate by reference paragraphs 1 through 38 of this Answer as if fully set forth here.

40. In accordance with Indiana statute, Defendants were timely served with a Notice of Tort Claim on January 2, 2013, via certified mail.

13

**RESPONSE:** The Defendants admit that they have received a document entitled Notice of Tort Claim that is dated January 2, 2013. The Defendants make no response as to the legal sufficiency of the document entitled Notice of Tort Claim.

41. Pursuant to Indiana statute, the Plaintiff's claim has been constructively denied as Defendants have had more than ninety (90) days to investigate the claim, but have failed to respond.

**RESPONSE:** The Defendants admit the allegations contained in rhetorical paragraph 41.

42. Defendant, NCSD negligently hired, supervised, and retained Cothran, Wilson and Runyon when they knew or should have known, that said individuals were not properly trained and otherwise unfit for service.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 42.

43. Defendant, NCSD's negligent hiring, supervision and/or retention of Defendants Cothran, Wilson and Runyon was a proximate cause of his serious and permanent injuries.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 43.

44. As a result of Defendants' tortious acts and failure to act as outline above, Michael incurred medical bills, sustained a loss of wages, and was subjected to pain and suffering.

**RESPONSE:** The Defendants deny the allegations contained in rhetorical paragraph 44.

WHEREFORE, Defendants, by counsel, pray that the Plaintiff take nothing by way of his Complaint, for judgment in favor of the Defendants, and for all other just and proper relief in the premises, including the costs of this action.

Respectfully submitted,

By: */s/ Brooke L. Riffell*
Brooke L. Riffell (#25072-64)

By: */s/ William G. Murphey*
William G. Murphey (#27266-64)

## AFFIRMATIVE DEFENSES

COMES NOW Defendants, by counsel, Brooke L. Riffell and Kopka Pinkus Dolin PC., and for their Affirmative Defenses to Plaintiff's Complaint allege and say:

1. The contributory negligence of Plaintiff bars any recovery against the Defendants pursuant to I.C. 34-51-2-2.

2. The Defendants herein are entitled to a credit or setoff of all sums paid to them or on their behalf, or by any third party to the Plaintiff.

3. That Plaintiff has brought this action which is frivolous, unreasonable, or groundless.

4. That Plaintiff is litigating this case in bad faith.

5. Defendants are immune from personal liability to Plaintiff in that Defendants' conduct was undertaken in their official capacity as police officers and pursuant to Indiana law.

6. Defendants are immune from liability under 42 U.S.C. § 1983 under the doctrine of qualified immunity.

7. The Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(B)(7) because the Plaintiff has failed to join all persons required under Fed. R. Civ. 19 including Daniel Troutman, 221 W. Union, Goodland, Indiana and persons not yet identified who were involved in any and all altercations involving the Plaintiff on the night of the incident in question.

8. Defendants did not proximately cause the Plaintiff's damages and injuries, if any are found to exist.

9. Any allegations contained in the Complaint not specifically admitted or denied by the Defendants' Answer above are hereby specifically denied.

10. Claims against a municipality that result from isolated unconstitutional acts of employees do not result from an established policy, custom or practice of the municipality and are barred. *Monell vs. Dept. of Social Services*, 436 U.S. 658 (1978).

11. The claims against the Sheriff's Department are not actionable as there was no policy or practice that was the direct cause or moving force behind the constitutional violations alleged in Plaintiff's Complaint. *Estate of Novack vs. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000).

12. The Defendants were not deliberately indifferent to the needs or rights of the Plaintiff or any excessive risk to Plaintiff's health or safety that may have existed. *Farmer vs. Brennan*, 511 U.S. 825, 836 (1994).

13. The Defendants took no deliberate action that directly caused a deprivation of Plaintiff's civil rights. *Frake vs. City of Chicago*, 210 F.3d 779 (7th Cir. 2000).

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By: */s/ Brooke L. Riffell*
Brooke L. Riffell (#25072-64)

By: */s/ William G. Murphey*
William G. Murphey (#27266-64)

### Jury Demand

Defendants, by counsel, demand trial by jury as to all issues herein.

Respectfully submitted,

By: */s/ Brooke L. Riffell*
Brooke L. Riffell (#25072-64)
KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
Tel: (219) 794-1888
Fax: (219) 794-1892

By: */s/ William G. Murphey*
William G. Murphey (#27266-64)
KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
Tel: (219) 794-1888
Fax: (219) 794-1892

### Certificate of Service

I hereby certify that on **August 4, 2014,** I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following:

Stephen M. Wagner
Wagner Reese, LLP
11939 N. Meridian Street
Carmel, IN  46032
*swagner@injuryattorneys.com*

*/s/ Brooke L. Riffell*